IDA WHITE, *et al.*, Plaintiffs, v. RUSSELL SELIN METZER, *et al.*, Defendants.

(*April* 12, 1960.)

TERRY, P. J., sitting.

*Louis J. Finger* (of Richards, Layton and Finger) for plaintiffs.

*William Prickett* and *F. Alton Tybout* (of Prickett and Prickett) for defendants.

Superior Court for New Castle County, No. 1010, Civil Action, 1959.

TERRY, P. J.:

This action is one of several to have arisen as the result of a seven car collision which occurred in this State in November, 1956.

Ida White, one of the plaintiffs, is the widow of Ellsworth White, who was the operator of one of the seven vehicles involved in the collision. Ellsworth White died as a result of the injuries therein received. At the time of his injuries he was employed by, and acting in the course of his employment for, Lunds Fisheries Inc., a New Jersey corporation. The employment was covered by the Workmen's Compensation Law of the State of New Jersey, Rev. St. 1937, Tit. 34, Ch. 15, *N. J. S. A.*

The Aetna Casualty and Surety Company, co-plaintiff with Ida White, was the compensation insurance carrier for Lunds

Fisheries, Inc., and, pursuant to its obligation under the New Jersey Workmen's Compensation Law, it became liable to Ida White for $11,767.35. Under the provisions of Section 34:15-40 of the Law, as amended, Aetna has become a partial subrogee for the amount of its obligation to Ida White in any action which she may take against a third party tort-feasor, such as the one she is pursuing in the case at bar. By virtue of its status as partial subrogee, Aetna has joined with Ida White in this action as a party plaintiff.

Of the seven defendants in this particular action, only two concern the Court in the issue currently at bar. One of the seven cars involved in the collision was owned by Helen Collins, one defendant, and driven by Welton Harmon, deceased. The other defendant, for the purposes of the limited issue now before me, is James R. Drummond the administrator of Harmon's estate.

Pursuant to Rule 12(c) of the Rules of Civil Procedure of this Court, *Del. C. Ann.*, these two defendants have moved for a judgment on the pleadings against Aetna Casualty and Surety Company. They ground their motion upon two of their affirmative defenses, wherein they allege that the subrogation clause of the New Jersey Workmen's Compensation Statute, 34:15-40 has no extraterritorial effect, and, further, that the complaint does not state a cause of action upon which relief can be granted to Aetna. It is only within the limited confines of this motion that I am at present concerned.

Both plaintiffs have based their claim upon Delaware's Wrongful Death Act, which is set forth as Title 10 *Delaware Code*, Sec. 3704(b) and reads as follows:

"Whenever death is occasioned by unlawful violence or negligence, and no suit is brought by the party injured to recover damages during his or her life, the widow or widower of any such deceased person, or, if there is no widow or widower, the personal representatives, may maintain an action for and recover damages for the death and loss thus occasioned."

From the terminology of this statute defendants base their motion. They argue that prior to the enactment of the statute "the death of a human being could not be complained of as an injury" in a civil action, citing *Perry v. Philadelphia, B. & W. Ry. Co.*, 1 *Boyce* 399, 77 *A.* 725. They then develop their point by urging that "except as provided in the statute, there is no provision for any other person to bring an action under 10 *Del. Code*, § 3704 (b) except that 19 *Del. Code*, § 2363(a) provides that under certain circumstances, an employer or insurer who pays workmen's compensation *under the Delaware law*, may bring an action to collect the amount of its payments." Their conclusion is that "the Delaware Death Statute is clear and unquivocal. Under 10 *Del. Code*, § 3704(b), only the named person may maintain the action. Aetna does not quality under the statute as a person entitled to the cause of action for death and, therefore, it has not stated a claim upon which relief may be granted." Thus, though Aetna may be subrogated to Ida White's claim by virtue of the provisions of the New Jersey Workmen's Compensation Law, 34:15-40, this subrogation can have no extraterritorial effect and, therefore, only Ida White can maintain the action.

It is not disputed in this case that Aetna is a proper partial subrogee to Ida White's claim, pursuant to the provisions of the New Jersey Workmen's Compensation Law. The only question is whether or not such a partial subrogee under the New Jersey Law is a proper party to be joined in an action such as Ida White's when that action is brought under the Wrongful Death Act.

Rule 17(a) of this Court's Rules of Civil Procedure provides as follows:

"Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest * * *."

This rule was taken verbatim from the Federal Rules of Civil Procedure, 28 *U. S. C. A.*, and the Federal Courts have on

various occasions construed it in actions similar to the case at bar. Barron and Holtzoff say in 2 *Federal Practice and Procedure* (Rules Ed.) Sec. 482 pp. 9-11 that, "In the case of a partial assignment, both assignor and assignee are real parties in interest. * * * Cases involving subrogation constitute another field in which the real party in interest provision is applied, giving the subrogee a right to sue in his own name. * * * If, however, the insurer has paid part of the loss both insured and insurer are real parties in interest * * *."

An issue very similar to the one at bar was considered by Rodney, District Judge in the case of State of Maryland, to *Use of Carson v. Acme Poultry Corp., D. C. Del.* 1949, 9 *F. R. D.* 687. That case also involved an action to recover damages for a death resulting from an automobile collision. The action had been brought in Delaware because the defendant was a resident of this State. The accident, however, occurred in Maryland and hence the laws of Maryland governed the case.

The deceased was a resident of Pennsylvania, and, as such, was subject to the Workmen's Compensation Law of that State, 77 *P. S.* § 1, and deceased's widow and dependents had received compensation from his employer's insurance carrier under the Pennsylvania law, and as a result thereof the insurance carrier became subrogated to certain rights of defendants against third party tort-feasors, in a manner similar to the case at bar.

The suit was brought under the Maryland Wrongful Death Act, which provided that such an action should be brought for the benefit of the wife, husband, parent and child of deceased, and that it should be brought by and in the name of the State of Maryland, for the use of the person entitled to damages. *Annotated Code of Maryland,* 1939, Art. 67, Sec. 3.

This was done and defendant moved for summary judgment in its favor for want of deceased's employer or employer's insurance carrier as a party to the suit. Thus, defendant was complaining because the insurance carrier was *not* made a party to

the suit. This is the direct opposite of the situation in the present case, but Judge Rodney in his opinion has resolved both issues, as he carefully analyzes the situation in such a way as to make his rationale applicable to the facts in the case at bar. The learned Judge did not confine his analysis to the sole question presented, but rather broadened his view to include all of the rights of such partial subrogees as would be created by the Pennsylvania Workmen's Compensation Law. He said at page 689 of 9 *F. R. D.*:

"Defendant argues * * * that the insurance carrier, being partially subrogated to the rights of the use plaintiffs, is an additional real party in interest under Rule 17(a), and should accordingly be joined as a party to the action. A number of cases holding that a partial subrogee is a real party in interest within the meaning of the term as it is used in Rule 17(a) are cited in support of this contention. Conceding the correctness of this proposition it seems quite clear that the partial subrogee would not in any event be an indispensable party. The Supreme Court of the United States has stated that a partial subrogee, while a necessary party, is clearly not an indispensable party." *United States v. Aetna Casualty & Surety Co.*, 338 *U. S.* 366, 70 *S. Ct.* 207, 94 *L. Ed.* 171, affirming, *inter alia, Yorkshire Ins. Co. v. United States*, 3 *Cir.*, 1948, 171 *F.* 2d 374. See footnote 19, 70 *S. Ct.* 216.

This being established the Judge denied defendants' motion to dismiss for want of insurance carrier's joinder. Be that as it may, he established that such a partial subrogree, as Aetna in the present case, is a real party in interest under Rule 17(a), a necessary, although not indispensable, party.

Taking his analysis to the next step, he considered the propriety of compelling a joinder under Federal Rules 19(b) and 21. He looked to the substantive law of Maryland to determine the real parties in interest and to ascertain whether or not Maryland would recognize the subrogation provision of the

Pennsylvania Workmen's Compensation Act as having extra-territorial effect. Finding no Maryland law dispositive of the precise issue, he reverted to the general rule "that the courts of one state will give extra-territorial recognition to the subrogation or assignment provision of the workmen's compensation statutes of other states." Citing 3 *Schneider on Workmen's Compensation* (Perm. Ed.) 205 *et seq.*, Sec. 840. See also 2 *Larson on Workmen's Compensation Law*, p. 405, Sec. 88.22. He found nothing in Maryland decisional law to indicate that such a principle was contrary to that State's public policy, and, therefore, he concluded that "the insurance carrier's rights as partial subrogee would be recognized in Maryland to the same extent as in Pennsylvania." Hence a joinder under Rule 19(b) would be permissible.

From this case we may find rules necessary to guide us to a conclusion in the case at bar. Neither the Maryland nor the Delaware Wrongful Death Acts provide for a joinder of, or suit by, a partially subrogated insurance carrier which had obtained its subrogee status by virtue of the workmen's compensation law of another state. Just as Judge Rodney found no Maryland decisional or statutory law indicating a public policy in Maryland such as would preclude the recognition of insurance carrier's subrogee status, I have not found any decisional or statutory law in this State such as would preclude our recognizing Aetna's right to be joined with Ida White in the case at bar.

This finding becomes inherently obvious when one refers to Title 19 *Del. Code*, Sec. 2363, as amended. This provision of our Workmen's Compensation Act provides, *inter alia*, that a widow such as Ida White who has received compensation payments under the Act may also sue a third party tort-feasor in the civil courts; that an insurance carrier from which she received payments, such as Aetna, would be subrogated to any recovery she might receive to that extent to which the said insurance carrier had become obligated to her under the pro-

visions of the Act. Up to this point, the Delaware Law and the New Jersey Law are substantially similar for all practical purposes. But the Delaware Law goes so far as to include the following sentence, to-wit:

"Any party in interest shall have a right to join in said suit."

This sentence most clearly defines the public policy in Delaware. Far from being opposed to Aetna's joinder, as defendants urge, it swings completely to the opposite extreme by specifically providing for such joinder in cases under the Delaware Workmen's Compensation Act. Coupling this expression of policy with the general rule as found and expressed by Judge Rodney "that the courts of one state will give extra-territorial recognition to the subrogation or assignment provisions of workmen's compensation statutes of other states." I find no difficulty in holding that Aetna is truly a party in interest within the meaning of Rule 17(a), and, as such, is a proper party plaintiff.

There seems to be no problem remaining with regards to our Wrongful Death Act in so far as its delimitation of proper parties is concerned. Obviously that Act has been broadened by the provisions of our Workmen's Compensation Act, Title 19 *Del. Code*, Sec. 2363. Wherein it is provided that an employer or insurance carrier may be joined in any action a deceased widow should take against a third party tort-feasor. This provision is not embraced in the Delaware Wrongful Death Act, and, in so far as it goes it must certainly be taken to be of an amendatory nature. So, therefore, I must conclude that if such an amendatory provision exists, for the benefit of Delaware employers and their insurance carriers, the rules of comity, as above set forth, necessitate our extending the same provision to an insurance carrier, such as Aetna, which had acquired a similar and equally legitimate subrogee status under the laws of New Jersey.

The last argument of defendants hinges upon their contention that should Aetna be permitted to remain as a party plain-

tiff, then there would be, in effect, a splitting of a cause of action based upon negligence, and this, they urge, would be improper.

The cases they cite to support their proposition are distinguishable in every instance. It would seem that the defendants' position is untenable, for in so far as the fact situation in the present case could by any stretch of the imagination be said to give rise to a "splitting of the cause of action," it would be such a "splitting" as is thoroughly condoned by the statutes of this and most other states. See 1 *Am. Jur.* (Actions) p. 495, Sec. 102. Above and beyond this, however, defendants' theory is most novel in the manner in which it attempts to define a "splitting of the cause of action." Such a phrase ordinarily means the division of a cause of action into several parts or claims and the bringing of several actions thereon. *Tuttle v. Everhot Heater Co.*, 264 *Mich.* 60, 249 *N. W.* 467. Here, however, we have but one set of facts, which resulted in one complaint, giving rise to one cause of action and one suit, the same merely being prosecuted by two co-plaintiffs, each of whom will have severable and definable interests as between themselves in any judgment recovered, which interests in no way effect defendants' liability. The defense of "splitting a cause of action" is provided to prevent defendants from a muliplicity of suits and their attendant harassment. Such a prejudice to the defendants does not exist under the facts of this case. The very situation of which the defendants complain is clearly encouraged by the expressed policy of this State as set forth in Title 10 *Del. Code*, Sec. 2363 and the Rules of Civil Procedure of this Court. Rules 17(a), 19, 20 and 24. Therefore, I conclude that the defense that the cause of action has been split is completely without merit.

Aetna is a proper party plaintiff, and therefore defendant's motion for judgment on the pleading against Aetna is hereby dismissed.

An order will be entered upon motion.