**BAR STEEL CONSTRUCTION CORP., a corporation of the State of New York, Defendant Below, Appellant,**

v.

**Ethel B. READ et al., Plaintiffs Below, Appellees.**

Supreme Court of Delaware.

April 7, 1971.

C. Waggaman Berl, Jr., of Booker, Leshem, Green, Shaffer & Berl, Wilmington, for defendant below, appellant.

Alfred M. Isaacs, of Flanzer & Isaacs, Wilmington, for plaintiffs below, appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This appeal arises in an action under an *indemnification agreement between a general contractor and a sub-contractor*, purporting to hold the general contractor harmless from any claim for personal injury or death arising from the sub-contractor's phase of the work. The action was brought against the sub-contractor by the insurance carrier for the general contractor. The Superior Court granted summary judgment for the carrier; the sub-contractor appeals.

I.

The general contractor, Cayuga Construction Corporation (hereinafter "Cayuga") and the sub-contractor, Bar Steel Construction Corp. (hereinafter "Bar") were engaged in the construction of a bridge in Delaware. The contract between them contained an indemnification clause under which Bar assumed the:

"* * * entire responsibility and liability for and agree(d) to hold Contractor * * * harmless from and against any and all injury to or death of any and all persons * * * and particularly, but without limiting the foregoing, caused by, resulting from, arising out of any act or omission on the part of Subcontractor or of the prosecution of the work hereunder or occurring in connection therewith * * * and all damage, direct or indirect, of whatsoever nature resulting from the performance of the work or resulting to the work from whatever cause, including acts or omissions and supervisory acts of Contractor * * *, shall be borne and sustained by Subcontractor * * * and Subcontractor shall save Contractor * * *

harmless from and against any and all loss and/or expense or damage which Contractor * * * may suffer or pay as a result of claims or suits by * * * any third persons against Contractor * * * seeking recovery for personal injury and/or death * * * whether such claims or suits be based upon the Contractor's * * * alleged active or passive negligence or participation in the wrong or upon any alleged breach of any statutory duty, administrative regulation (whether non-delegable or otherwise) or obligation on the part of Contractor * * * or otherwise * * *."

During the course of the construction, an employee of Cayuga, James B. Read (hereinafter "Read"), was killed while climbing a steel structure erected by Bar. Cayuga's workmen's compensation insurance carrier was Royal Globe Insurance Company (hereinafter "Globe"); and it paid benefits to Read's widow under the coverage.

Mrs. Read and Globe brought this action against Bar. Mrs. Read's cause of action was based upon Bar's negligence; Globe's was on the indemnification agreement for recovery of the compensation benefits paid. This appeal relates to the latter cause of action only.

II.

We hold that the indemnification agreement governs the situation; and that it renders Bar answerable to Cayuga, or its subrogee, for the workmen's compensation claim arising from Read's death. There is no factual issue here which would make the indemnification clause inapplicable.

Bar raises two legal defenses: (1) that Globe is not a party to the indemnification agreement and, therefore, may not claim its benefits; (2) that under the Delaware Workmen's Compensation Law, Globe is subrogated to the rights of Read and stands in his shoes, not Cayuga's; that since Read was contributorily negligent,

Read could not recover against Bar and, therefore, neither can Globe.

Neither of these positions is meritorious.

As to Bar's first contention: Although Globe was not party to the indemnification agreement, under the undisputed facts and settled rule of law Globe is subrogated to the rights of Cayuga under the agreement. Eastern States Petroleum Co. v. Universal Oil Products Co., 28 Del.Ch. 365, 44 A.2d 11 (1945); Western Contracting Corporation v. Power Engineering Co. (4 Cir.) 369 F.2d 933 (1966). Upon the record before us, the judgment herein unquestionably adjudicates the rights of Cayuga as well as the rights and liabilities of Globe and Bar. It does not appear that Bar contests the general equitable concept of subrogation, except insofar as it may be rendered inapplicable by the Workmen's Compensation Law. As is noted below, we find no such result in the instant case.

■ As to Bar's second theory: By reason of the express agreement of the parties, the situation is controlled by the indemnification clause upon which Globe's cause of action is based. It follows that the case is not governed by the Workmen's Compensation Law. New Amsterdam Casualty Co. v. Acorn Products Co., 42 Wis.2d 127, 166 N.W.2d 198 (1969); Western Contracting Corporation v. Power Engineering Co. (4 Cir.) 369 F.2d 933 (1966). Such agreement and result are not contrary to public policy, especially when, as here, the position and rights of the employee and his widow were not changed thereby. Compare Jamison v. Ellwood Consolidated Water Company (3 Cir.) 420 F.2d 787 (1970).

Bar relies upon Miller v. Ellis, Del. Super., 11 Terry 11, 122 A.2d 314 (1956); White v. Metzer, Del.Super., 2 Storey 449, 159 A.2d 788 (1960); Marciniak v. Pennsylvania Railroad Company (D.C.Del.) 152 F.Supp. 89 (1957); Bello v. Commissioner of Dept. of Labor, 103 N.J.Super. 180, 246 A.2d 759 (1968), aff'd. 106 N.J.Super. 405, 256 A.2d 63 (1969); and similar cases.

Those cases are wholly inapposite; they involved the subrogation of the compensation carrier to the rights of the employee in a negligence action against a third party; and they did not involve an indemnification agreement.

Affirmed.