NEW AMSTERDAM CASUALTY COMPANY, Respondent, v. ACORN PRODUCTS COMPANY, Appellant.

*No. 177. Argued March 3, 1969.—Decided April 1, 1969.*
(Also reported in 166 N. W. 2d 198.)

For the appellant there were briefs by *Giffin, Simarski, Goodrich & Brennan,* attorneys, and *Alvin A. Stack* of counsel, all of Milwaukee, and oral argument by *Mr. Stack.*

For the respondent there was a brief by *Kluwin, Dunphy, Hankin & Hayes* of Milwaukee, and oral argument by *John A. Kluwin.*

CONNOR T. HANSEN, J. The plaintiff contends that Acorn breached its contract with Woerfel by not procuring workmen's compensation insurance and, therefore, the plaintiff seeks damages equivalent to the sums paid the injured employee.

The defendant contends that the plaintiff, as insurer of Woerfel, is not entitled to subrogation against it. The defendant further asserts that plaintiff is subrogated to only those rights arising under the workmen's compensation act and concludes that the plaintiff has no right of reimbursement under the act from Acorn.

The defendant is correct in saying that the plaintiff has no remedy against defendant under the Workmen's Compensation Act.[1] However, this action is not founded on the Workmen's Compensation Act. If the plaintiff has a cause of action it arises from the alleged indemnity agreement between Woerfel and the defendant.

This court has previously considered cases based upon negligence of a third-party tort-feasor and involving an agreement for indemnification and a claim paid under the Wisconsin Workmen's Compensation Act.[2]

The instant case is distinguishable from the previously decided cases in this state because the plaintiff seeks recovery for breach of the alleged indemnity contract

---

[1] Sec. 102.06, Stats., gives an employer or its insurance carrier the right to recover money paid to an employee under workmen's compensation from the subcontractor who was the *employer of the injured employee*. In the case under consideration, the industrial commission has determined that defendant Acorn was not an employer within the meaning of the act.

Sec. 102.29 (1), Stats., gives an employer or its insurance carrier a derivative right of action against the third-party tort-feasor. However, the complaint on this action does not allege that Acorn was a tort-feasor. The plaintiff's theory of recovery is one of subrogation based on Acorn's alleged breach of its contract with Woerfel.

[2] *Murray v. Dewar* (1959), 6 Wis. 2d 411, 94 N. W. 2d 635; *Larsen v. J. I. Case Co.* (1968), 37 Wis. 2d 516, 155 N. W. 2d 666.

and not for a tortious act. The plaintiff now seeks to stand in the place of Woerfel and recover under the alleged indemnity between Woerfel and Acorn.

"Subrogation is an equitable doctrine, not dependent upon contract or privity, which is available when someone other than a mere volunteer pays a debt or demand which should have been satisfied by another. The purpose of the doctrine is to avoid unjust enrichment." *Perkins v. Worzala* (1966), 31 Wis. 2d 634, 637, 143 N. W. 2d 516.

" 'Subrogation is a well-known equitable action . . . . Subrogation may properly be applied when a person other than a mere volunteer pays a debt or demand which in equity and good conscience should be satisfied by another.' " *Northwestern National Casualty Co. v. State Automobile & Casualty Underwriters* (1967), 35 Wis. 2d 237, 242, 151 N. W. 2d 104.

The defendant argues that even if the plaintiff was entitled to subrogation, the plaintiff would be subrogated to the rights of the injured employee who received compensation from the plaintiff and not to the rights of Woerfel. While this could be true in a case where reimbursement is sought from a third-party tort-feasor, here suit is not against a tort-feasor, but against Acorn for its alleged breach of the indemnity agreement.

The defendant argues that there is no policy reason to allow equitable subrogation in this case because there is no allegation that Acorn was negligent. In *Patent Scaffolding Co. v. William Simpson Construction Co.* (1967), 256 Cal. App. 2d 506, 64 Cal. Rptr. 187, a California intermediate appellate court rejected equitable subrogation and indemnification for a claim paid under a fire insurance contract. In *Patent,* the general contractor contracted to provide fire insurance for the subcontractor. A fire destroyed some of the subcontractor's equipment. The general contractor had not provided fire insurance and the subcontractor's own fire insurer paid the loss. The fire insurer of the subcontractor was denied

recovery in its action against the general contractor to recover damages for breach of its contract with the subcontractor to provide fire insurance. The California court determined that if subrogation were permitted, the subcontractor's fire insurers would receive a windfall because all it had been required to pay was the fire loss arising out of the risk it had specifically insured and for which it had received a premium. *Patent,* at page 193, sets forth the following rule:

"The rule in equitable phraseology is this: Where two parties are contractually bound by independent contracts to indemnify the same person for the same loss, the payment by one of them to his indemnitee does not create in him equities superior to the nonpaying indemnitor, justifying subrogation, if the latter did not cause or participate in causing the loss."

In basing its decision on this rule, the California court acknowledges that the result appears to reward delay in the payment of just claims, but it concludes that to arrive at a contrary result would make double recovery possible and such a result would be inequitable.

We have reservations as to whether the results in the *Patent* case are in fact equitable. We also believe there is a valid distinction between a case founded upon a fire insurance liability contract for a specific loss and a case founded upon a workmen's compensation insurance liability contract.

In this case, the insurance policy issued by the plaintiff to Woerfel is not a part of the record. It, therefore, must be determined whether the policy itself contains express rights of subrogation. *Hartford Accident & Indemnity Co. v. Worden-Allen Co.* (1941), 238 Wis. 124, 297 N. W. 436.

In the event the insurance contract between plaintiff and Woerfel did not contain express rights of subrogation, it then becomes necessary to determine whether the indemnification clause in the contract between Woerfel

and Acorn does, in fact, indemnify Woerfel for the damages sustained in the instant case and paid by the plaintiff.

If the contract between Woerfel and Acorn does, in fact, make Acorn an indemnitor for the employee's injuries, and Woerfel's insurer (plaintiff) did not pay the claim, Woerfel could recover from Acorn.

Therefore, we are of the opinion that if, upon the trial of this case, it is determined that the contract between Woerfel and Acorn did indemnify Woerfel for this particular loss, then the plaintiff stands as subrogee of Woerfel. The insurer is entitled to all the remedies and securities of the assured and to stand in his place. The right of subrogation is not limited to cases where the liability of the third person is founded in tort.[3]

The trial court also recognized the fact that the plaintiff may have improperly split a cause of action. The reason being the pleadings do not establish that Woerfel has entirely abandoned its alleged rights for indemnification under the contract with Acorn. This is significant because unless Woerfel did abandon its alleged rights for subrogation against Acorn there is a possibility of the undesirable result of double recovery.

*By the Court.*—Order affirmed.

---

[3] *New Amsterdam Casualty Co. v. Popovich* (1955), 18 N. J. 218, 113 Atl. 2d 666; *Continental Ins. Co. v. I. Bahcall, Inc.* (D. C. Wis. 1941), 39 Fed. Supp. 315.