**UNITED STATES FIDELITY & GUARANTY COMPANY, Plaintiff,**

v.

**Jadranska Slobodna PLOVIDBA, Defendant.**

Civ. A. No. 78–C–257.

United States District Court,
E. D. Wisconsin.

Feb. 20, 1981.

As Amended March 2, 1981.

---

David W. Neeb, Ross F. Plaetzer, Milwaukee, Wis., for plaintiff.

Joseph V. McGovern, Chicago, Ill., and Ellis R. Herbon, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a maritime personal injury action arising under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901. Patrick J. Huck, a longshoreman-employee of the stevedore Hansen Seaway Service, Ltd., was killed on November 16, 1976, while working aboard the M/V Makarska, a vessel owned by the defendant Jadranska Slobodna Plovidba. His widow Sheila M. Huck and his son Matthew P. Huck receive compensation benefits payable by Hansen's insurer, United States Fidelity and Guaranty Corporation, pursuant to an award made in a compensation order. See 33 U.S.C. § 933(b).

In the course of the trial the question has arisen whether testimony may be received and, in the event the defendant is held liable, damages assessed against it for injuries sustained by Patrick J. Huck's widow and son as a result of his death. The plaintiffs have agreed that Sheila M. Huck and Matthew P. Huck should be dropped from the lawsuit as named parties in accordance with 33 U.S.C. § 933(b), but they maintain that any damages sustained by Sheila M. Huck and Matthew P. Huck can be compensated in a lawsuit brought solely in the name of the insurer. Plaintiffs have also agreed that Hansen Seaway Service, Ltd. should be dropped from the suit as a named plaintiff for reasons not relevant to this memorandum. The defendant maintains the only damages which may be awarded in this action are for expenses incurred by the insurer and past and future workers' compensation payable by it to Sheila and Matthew Huck.

Section 933 of Title 33 U.S.C. provides in part:

"(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer or a person or persons in his employ is liable in damages, he need not elect whether to receive such compensation or to recover damages against such third person.

"(b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner or Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award.

"(c) The payment of such compensation into the fund established in section 944 of this title shall operate as an assignment to the employer of all right of the legal representative of the deceased (hereinafter referred to as 'representative') to

recover damages against such third person.

"(d) Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding."

It is not disputed that Sheila and Matthew Huck did not commence suit within six months after they received compensation under an award in accordance with 33 U.S.C. § 933(b). It is also not disputed that had they commenced suit within that time they could have recovered damages if liability were established for such items as loss of Patrick Huck's past and future wages and loss of his society and companionship. *American Export Lines, Inc. v. Alvez*, 446 U.S. 274, 100 S.Ct. 1673, 64 L.Ed.2d 284 (1980); *Doca v. Marina Mercante Nicaraguense, S.A.*, 634 F.2d 30, 1980 AMC 2401 (2d Cir. 1980). What is disputed is whether, once their right to sue a third party is assigned to the employer or its insurer, their damages can be compensated in an action brought by the employer or insurer against a third party.

Prior to 1959, an injured employee or the legal representative of a deceased employee was required to elect between a workers' compensation award and a suit against a third party. In 1959, 33 U.S.C. § 933 was amended to remove the need for election. The Senate Report on the amendment noted that prior law had imposed a hardship on an injured employee in two ways, first, by forcing him frequently to accept compensation in lieu of filing suit due to the need to meet expenses prior to the time a suit could be heard and, second, by allowing unscrupulous persons to "stake" an injured employee in pursuing a suit and in effect to purchase the claim. The Senate Amendment contains the following comment on the purpose of the amendment:

"The bill as amended by the committee would revise section 33 of the act so as to permit an employee to bring a third-party liability suit without forfeiting his right to compensation under the act. The principle underlying the modification of the law made by this bill, is embodied in most modern State workmen's compensation laws. The committee believes that in theory and practice this is sound approach to what has been a difficult problem. As embodied in the committee amendment, the principle would be applied with due recognition of the equities and rights of all who are involved.

Although an employee could receive compensation under the act and for the same injury recover damages in a third-party suit, he would not be entitled to double compensation. The bill, as amended, provides that an employer must be reimbursed for any compensation paid to the employee out of the net proceeds of the recovery. In the event that an employee does not elect to sue for damages within 6 months of the compensation award the employer is assigned the cause of action. In the event that the employer institutes proceedings and makes a recovery, the employee receives four-fifths of the amount after necessary expenses, approved by the Deputy Commissioner, and all benefits and compensation have been deducted. Thus *by giving the employer a reasonable (one-fifth) share in the net recovery an incentive is provided not to compromise a suit only for the amount of compensation but to protect the interests of the employee as much as possible.*" (Emphasis added.) Senate Report No. 428, 1959 U.S. Code Congressional and Administrative News, 86th Congress, 1st Session, 2134 at page 2135.

The final sentence of the report indicates an intent that, once the right of action is assigned to the employer or insurer and it commences an action, the interests of the employee as well as of the employer or insurer be protected. It would follow that recovery in a suit brought by the employer or insurer should not be limited solely to its expenses or to the amount of workers' compensation benefits paid by it, but would instead include all items of damage for which the injured employee could recover.

This conclusion is also supported by language contained in the statute itself. Sec-

tion 933(b) provides that "*all* right of the person entitled to compensation to recover damages against such third person" shall six months after an award be assigned to the employer. (Emphasis added.) With no limiting language, the use of the word "all" suggests that the statute means what it says, that is, that the employer may then sue for its own damages and also all of those which the employee might have claimed. Section 933(e) provides:

"(e) Any amount recovered by such employer on account of such assignment, whether or not as the result of a compromise, shall be distributed as follows:

(1) The employer shall retain an amount equal to—

(A) the expenses incurred by him in respect to such proceedings or compromise (including a reasonable attorney's fee as determined by the deputy commissioner or Board);

(B) the cost of all benefits actually furnished by him to the employee under section 907 of this title;

(C) all amounts paid as compensation;

(D) the present value of all amounts thereafter payable as compensation, such present value to be computed in accordance with a schedule prepared by the Secretary, and the present value of the cost of all benefits thereafter to be furnished under section 907 of this title, to be estimated by the deputy commissioner, and the amounts so computed and estimated to be retained by the employer as a trust fund to pay such compensation and the cost of such benefits as they become due, *and to pay any sum finally remaining in excess thereof to the person entitled to compensation or to the representative; and*

(2) *The employer shall pay any excess to the person entitled to compensation* or to the representative, less one-fifth of such excess which shall belong to the employer."

(Emphasis added.)

Defendant suggests that the term "excess" as used in § 933(e) refers to excess sums remaining in the trust fund after the employer's or insurer's obligation to pay compensation benefits ceases where that occurs prior to depletion of the fund, for example, if the widow should remarry and her right to compensation cease. That suggested construction of the language is a logical construction of the term "excess" as used in § 933(e)(1)(D) since the phrase "excess thereof" refers back to the phrase preceding it, which is "the cost of such [workers' compensation] benefits as they become due." It is not, however, a logical construction of the term "excess" as used in § 933(e)(2), which subsection does not refer back to the benefits held in trust but rather to "[a]ny amount recovered by such employer on account of such assignment" to it of the employee's claim. See also *Ashcraft and Gerel v. Liberty Mutual Insurance Company*, 343 F.2d 333, 336 (D.C.Cir.1965), noting that the 1959 amendment providing for retention by the employer of twenty per cent of any excess recovery was designed to encourage employers to take action potentially beneficial to their employees.

The defendant has pointed to several cases which it believes support its interpretation of the damages available in an employer-initiated action under 33 U.S.C. § 933. The cases do not compel the conclusion that the only damages recoverable in such an action are for amounts expended by the employer or its insurer. In *Moore v. Hechinger*, 127 F.2d 746, 750 (D.C.Cir.1942), the court noted merely that in such an action the injured employee is no longer a real party in interest within the meaning of Rule 17 of the Federal Rules of Civil Procedure and cannot control the course of the litigation, but it also noted that the employee still has an interest in the recovery obtained because he will benefit from the excess. In *Leonard v. Liberty Mutual Insurance Company*, 267 F.2d 421, 424 (3d Cir. 1959), the court noted that § 933(b), as amended, was not designed to permit the employer to profit but rather to allow the employer to recoup its expenses. The court did not discuss the effect of the amendment on the employee.

**870**

In sum, bearing in mind that the Longshoremen's and Harbor Workers' Compensation Act should be liberally construed in favor of the injured employee, *Leonard v. Liberty Mutual Insurance Company*, supra, at 424, that a statute should be construed in a manner which gives effect to all of its language, and that the legislative history of the 1959 amendment to 33 U.S.C. § 933 indicates that the amendment was designed for the benefit of the injured employee while protecting the right to recoupment of the employer or insurer, I find that the damages sustained by the injured employee's widow and son as a result of his death, which damages they could recover had they initiated an action against the third-party shipowner, may also be recovered in an action brought against the shipowner by the insurer of the decedent's employer. Testimony on the subject of the widow's and the son's damages is therefore admissible at trial and may be considered by the jury in arriving at a verdict.

IT IS SO ORDERED.