Jennifer BERNA-MORK and Jay Mork, Plaintiffs-
Respondents,

v.

Jane P. JONES, Milwaukee Guardian Insurance, Inc.,
West Bend Mutual Insurance Company, and James
Doe Insurance Company, Defendants.

LUMBERMAN'S MUTUAL CASUALTY COM-
PANY, Plaintiff-Appellant,†

v.

WEST BEND MUTUAL INSURANCE COMPANY,
Defendant-Respondent.

Court of Appeals

*No. 90–1626. Submitted on briefs April 4, 1991.—Decided
November 27, 1991.*

(Also reported in 478 N.W.2d 301.)

†Petition to review pending.

For the plaintiff-appellant, Lumbermen's Mutual Casualty Company, the cause was submitted on the briefs of *Robert J. Shannon* and *David G. Keefe* of *Anderson, Shannon, O'Brien, Rice & Bertz* of Stevens Point.

For the plaintiffs-respondents, Jennifer Berna-Mork and Jay Mork, the cause was submitted on the briefs of *Scott C. Woldt* of *Schultz* and *Woldt Law Office* of Green Bay.

For the defendant-respondent, West Bend Mutual Insurance Company, the cause was submitted on the briefs of *David A. Ray* of *Terwilliger, Wakeen, Piehler & Conway, S.C.* of Stevens Point.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

GARTZKE, P.J. Lumbermen's Mutual Casualty Company appeals from a judgment dismissing its complaint against West Bend Mutual Insurance Company. The issue is whether a worker's compensation carrier has the right to reimbursement for benefits it paid to an employee when reimbursement is sought from the uninsured motorist coverage available to the employee as an additional insured. We conclude that a compensation carrier does not have that right because the employee's

662

right to uninsured motorist coverage is contractual. We therefore affirm.

Section 102.29(1), Stats., provides in material part:

> The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employe shall not affect the right of the employe . . . to bring action, to make claim or maintain an action in tort against any other party for such injury or death, hereinafter referred to as a 3rd party . . .. The employer or compensation insurer who shall have paid or is obligated to pay a lawful claim under this chapter shall have the same right to make claim or maintain an action in tort against any other party for such injury or death.

On August 6, 1986, Jennifer Berna-Mork was injured in an automobile accident in the City of Stevens Point. She was a passenger in an automobile operated by Jane Jones. While the Jones automobile was stopped in traffic, an automobile driven by Keith Plasky struck the rear of the Jones automobile and injured Berna-Mork. The Plasky vehicle was not insured and Plasky has been granted a discharge of bankruptcy. Berna-Mork filed a worker's compensation claim for benefits on account of her injuries. Lumbermen's is the worker's compensation insurer of her employer. The Department of Industry, Labor and Human Relations ordered Lumbermen's to pay benefits to Berna-Mork, and Lumbermen's has done so.

Berna-Mork brought a third-party action in tort against Plasky, Jones and Jones' liability and uninsured motorist carrier, West Bend Mutual Insurance Company. West Bend's policy is of record. As a passenger in Jones' car, Berna-Mork is an insured with respect to the uninsured motorist coverage. Lumbermen's commenced an action against West Bend to participate in the third-

party action. Lumbermen's amended complaint alleges that it is entitled to reimbursement from West Bend for payment Lumbermen's made to Berna-Mork by virtue of West Bend's policy providing uninsured motorist coverage. Lumbermen's complaint seeks no relief against Jones and does not allege that Jones was negligent. The two actions were consolidated.

The trial court granted summary judgment dismissing Lumbermen's action against West Bend on grounds that Lumbermen's action against West Bend sounds in contract rather than in tort. Lumbermen's appeals from the judgment dismissing its action against West Bend.

■

An action on uninsured motorist coverage is based on contract. This is true even though "in order to recover the insured must prove the negligence of an uninsured motorist." *Sahloff v. Western Casualty & Sur. Co.,* 45 Wis. 2d 60, 70, 171 N.W.2d 914, 918 (1969).

■

Because its action against West Bend is based on contract, Lumbermen's action cannot be brought under sec. 102.29, Stats. *In New Amsterdam Casualty Co. v. Acorn Products Co.,* 42 Wis. 2d 127, 166 N.W.2d 198 (1969), a worker's compensation insurer attempted to enforce its subrogation claim against a defendant for the latter's breach of a contract to obtain worker's compensation insurance. The court held that the insurer had no right to relief under sec. 102.29(1), Stats., since its complaint failed to allege that the defendant was a tortfeasor. *New Amsterdam,* 42 Wis. 2d at 131 n.1, 166 N.W.2d at 200 n.1.

In *Kottka v. PPG Indus., Inc.,* 130 Wis. 2d 499, 514, 388 N.W.2d 160, 167 (1986), the court said:

We construe sec. 102.29(1), Stats., to apply to all claims in tort for an employe's injury or death for which the employer or its insurer has or may have liability. As one commentator emphasizes, this section ". . . preserves to an employer or compensation insurer, the same right possessed by an employee to bring suit against a third-party whose negligence caused injuries to the employee." *See* Arnold, "Third Party Actions and Products Liability,' 46 Marq. L. Rev. 136 (1962).

Other Wisconsin decisions contain similar language. *Mulder v. Acme-Cleveland Corp.,* 95 Wis. 2d 173, 176-77, 290 N.W.2d 276, 278 (1980); *Skornia v. Highway Pavers, Inc.,* 34 Wis. 2d 160, 165, 148 N.W.2d 678, 680 (1967); *Severin v. Luchinske,* 271 Wis. 378, 382-83, 73 N.W.2d 477, 479 (1955).

Consequently, because Lumbermen's action against West Bend is based on contract and not on tort, it has no rights against West Bend under sec. 102.29(1), Stats.

In reaching that conclusion, we have not neglected the cases in other jurisdictions which have reached a contrary result. See *Harris v. New Castle County,* 513 A.2d 1307, 1308-09 (Del. 1986) (per curiam), *citing Montedoro v. City of Asbury Park,* 416 A.2d 433 (N.J. Super. Ct. App. Div. 1980) and *Johnson v. Fireman's Fund Ins. Co.,* 425 So. 2d 224 (La. 1982) for support and five cases in 2A Arthur Larson, Larson's Workmen's Compensation Law sec. 71.23(e) and (i) (1990), to the contrary. In view of *New Amsterdam,* we see no reason to discuss those authorities.

We are told that the effect of our holding is to permit the employee, Berna-Mork, a double recovery, since she has recovered worker's compensation for her injuries and she may, under our holding, also recover against her driver's insurance carrier by virtue of the uninsured

665

motorist coverage with no participation by Lumbermen's in the latter recovery.

That may be. "The theory of third party procedure in compensation law rests on the assumption that typically the third-party recovery will cover all of plaintiff's loss, and that therefore to retain the tort recovery and compensation would result in double recovery . . . exceeding [the plaintiff's] actual loss." Larson's, sec. 71.23(h), at 14–37. Here there is no evidence one way or the other as to whether Berna-Mork's double recovery will exceed her actual loss. Larson points out, "There can be no conceivable [public] policy objection to allowing an injured person to retain two recoveries that, when combined, still do not make him whole." *Id.* at 14–38.

West Bend asserts that no double recovery will occur because the amount it pays under its uninsured motorist coverage is reduced by amounts payable under any worker's compensation law. Whether West Bend is right we need not decide. The trial court did not decide the issue, and neither will we.

Past decisions by our supreme court bind us regarding the rights of a worker's compensation carrier under sec. 102.29(1), Stats., and the nature of an action on an uninsured motorist clause. Whether the case law should be changed is for the supreme court to decide. Whether sec. 102.29(1) should be changed is for the legislature.[1]

*By the Court.*—Judgment affirmed.

---

[1]It is worth noting that in this case the employee, Berna-Mork, did not pay a premium for the uninsured motorist coverage which may result in a double recovery. She is covered because of Jones' policy. Thus, if Lumbermen's could recover under sec. 102.29(1), Stats., the employee would suffer no true loss whatever, not even the cost of an insurance premium.

SUNDBY, J. *(dissenting).* This appeal presents an important issue of first impression as to the distribution of the proceeds of a third-party liability claim under sec. 102.29(1), Stats.: Is the compensation insurer who has paid worker's compensation to an employee, entitled to share according to the statutory formula in the third-party action recovery from the carrier providing uninsured motorist coverage? I conclude that it is. I therefore respectfully dissent.

If the negligent tort-feasor had been subject to judgment or had had liability insurance, the amount recovered in the employee's action against the tort-feasor would have been distributed under sec. 102.29(1), Stats. The compensation insurer would have been reimbursed for the compensation it paid the employee. In this case, however, the negligent tort-feasor was discharged in bankruptcy and was uninsured. The employee then sought to recover from the insurance carrier which provided uninsured motorist coverage to the operator of the vehicle in which the employee was riding when injured.[1] The majority concludes that the compensation insurer is not entitled to share in the employee's recovery from the carrier providing uninsured motorist coverage because the employee's recovery is founded in contract, not in tort. This construction ignores the fact that the employee's underlying third-party action is an action in tort.

The amount recovered on account of the uninsured motorist coverage is mandated by the legislature under sec. 632.32(4), Stats., which requires that every automobile and motor vehicle liability insurance policy contain a provision protecting injured persons against uninsured

---

[1]This is the legal effect of these consolidated actions, although the compensation insurer sued the uninsured motorist carrier directly.

motorists. For purposes of third-party liability claims subject to sec. 102.29(1), Stats., the recovery is the equivalent of what would have been recovered from a solvent or insured negligent tort-feasor.

Larson states that the courts dealing with this "comparatively recent problem" almost unanimously disfavor giving the carrier that has paid compensation benefits a lien upon the proceeds of the claimant's private uninsured motorist policy. 2A Arthur Larson, Workmen's Compensation Law § 71.23(a) at 14–22 [hereinafter Larson]. Larson seems to favor the contract rationale adopted by the Georgia Supreme Court in *Oelke v. Board of Regents,* 174 S.E.2d 920 (1970). 2A Larson § 71.23(g) at 14–36. The Georgia court concluded that the "proceeds of an uninsured motorist clause are the fruits of a contractual obligation between the insurer and the insured employee, whereas the liability of a third party covered by the subrogation section of the compensation act is a tort liability." 2A Larson § 71.23(g) at 14–36. The court concluded that therefore, the payment to the employee of the insurance proceeds was not made "on account of" the compensable injury, but rather on account of a contract. *Id.*

Larson notes, however, that when it is the employer's uninsured motorist policy that is involved, the contract argument disappears. 2A Larson § 71.23(i) at 14–41. Nonetheless, the courts are divided on whether in that case the compensation insurer has a lien on the proceeds of the recovery from the uninsured motorist clause. *Id.* at 14–41 to 14–43.

Apparently, no court has yet dealt with the situation presented here where the uninsured motorist coverage is provided by a policy which is not paid for by either the employee or the employer. I conclude that under Wisconsin's statute (and Larson warns that the precise lan-

guage of the statute must be looked at, 2A Larson § 71.23(e) at 14–34), the compensation insurer shares in the recovery in the third-party action whether the recovery is from the negligent tort-feasor or his or her liability insurer, the employee's uninsured motorist carrier, the employer's uninsured motorist carrier, or any other applicable insurance. I equate the statutorily-mandated uninsured motorist protection under sec. 632.32(4), Stats., with the Unsatisfied Judgment Fund involved in *Gray v. State Roads Comm'n,* 252 A.2d 810 (Md. 1969), *cited in* 2A Larson § 71.23(b) at 14–26 n.28. There, the claimant filed a third-party action and since the defendant was uninsured, recovered from the Unsatisfied Judgment Fund. The employer was held entitled to credit the employee's net recovery against the compensation award.

I conclude that the language of the third-party liability statute, sec. 102.29(1), Stats., requires that the proceeds of the third-party liability action be divided according to the statutory formula, regardless of the source of the recovery. The majority here emphasizes the contractual nature of uninsured motorist coverage. However, that emphasis ignores that the coverage is not contractual in the usual sense of something freely bargained for between two parties willing but not required to bargain. Uninsured motorist coverage is mandatory. It is Wisconsin's response to the demand for mandatory automobile liability insurance. "Uninsured motorist coverage essentially substitutes for insurance that the tortfeasor should have had." *Nicholson v. Home Ins. Cos.,* 137 Wis. 2d 581, 592, 405 N.W.2d 327, 331 (1987).

I am impressed by the fact that sec. 632.32(4)(a)1, Stats., provides that every automobile and motor vehicle insurance liability policy must contain a provision "[f]or the protection of persons injured *who are legally entitled*

669

*to recover damages* from owners or operators of uninsured motor vehicles because of bodily injury . . .." (Emphasis added.) Thus, a person injured by an uninsured motorist cannot recover under an uninsured motorist clause unless he or she first establishes that he or she is "legally entitled to recover damages." The action to establish that entitlement is a tort action. The requirement of sec. 102.29(1), Stats., that the third-party plaintiff "make claim or maintain an action in tort" against the negligent third-party is satisfied before the uninsured motorist protection becomes available.

A construction of the third-party liability statute which entitles the compensation insurer to reimbursement from the proceeds of a third-party liability action is consistent with the philosophy of the statute. The third-party liability action, whether brought by the employee, the employer or the compensation insurer is as much for the immediate benefit of the employer or insurer who has paid compensation to the employee as it is for the benefit of the employee. *Skornia v. Highway Pavers, Inc.,* 34 Wis. 2d 160, 165, 148 N.W.2d 678, 681 (1967). The concept underlying third-party actions is the moral idea that the ultimate loss from wrongdoing should fall upon the wrongdoer. 2A Larson § 71.10 at 14-1.

> It is equally elementary that the claimant should not be allowed to keep the entire amount both of his compensation award and of his common-law damage recovery. The obvious disposition of the matter is to give the employer so much of the negligence recovery as is necessary to reimburse him for his compensation outlay, and to give the employee the excess.

2A Larson § 71.20 at 14-3 to 14-9 (footnotes omitted).

Here, the employee should not be allowed double recovery because of the fortuity that the vehicle in which she was riding when she was injured was covered by an uninsured motorist clause. Her recovery results directly from her third-party liability action because unless she established that she was legally entitled to recover damages from the negligent tort-feasor, she was not entitled to the protection of the uninsured motorist coverage.

To put this case in better perspective, consider what the result would have been if the compensation insurer had brought the third-party liability action against the negligent tort-feasor. I submit that in that case, sec. 102.29(1), Stats., would clearly require distribution of the proceeds of the third-party liability action according to the statutory formula. The insurer would have been entitled to recover a judgment not merely for its compensation outlay, but for the full amount of the employee's damages. 2A Larson § 74.31(a) at 14–447 to 14–448 (citing *United States Fidelity & Guar. Co. v. Plovidba,* 508 F. Supp. 866 (E.D. Wis. 1981)). The uninsured motorist carrier could not seriously argue that the compensation carrier could not enforce the uninsured motorist coverage protection. The compensation insurer's cause of action is derivative. *London Guar. & Accident Co. v. Wisconsin Pub. Serv. Corp.,* 228 Wis. 441, 444, 279 N.W. 76, 77 (1938). In my view, it makes no difference who brings the third-party liability action. The distribution under the statute is mandatory and cannot be modified by the courts. 2A Larson § 74.31(b) at 14–448 to 14–449.

My construction of sec. 102.29(1), Stats., preserves the intent of the statute to allow the employer or the compensation insurer to share in the recovery from the wrongdoer (or the statutory substitute for the wrongdoer) to the extent of its disbursements to the employee.

It is equitable in that both the employee and the compensation insurer are treated fairly. I recognize that a strong argument can be made that the employee should be allowed to retain the benefit of any insurance contract which the employee has paid for.[2] However, that situation is not presented by this appeal.

[2]However, worker's compensation laws are economic regulations whereby the legislature has balanced competing societal interests. *Martinez v. Ashland Oil, Inc.*, 132 Wis. 2d 11, 15, 390 N.W.2d 72, 74 (Ct. App. 1986). The legislature has provided a distribution scheme in sec. 102.29(1), Stats., under which the compensation insurer is entitled to reimbursement from the proceeds of a third-party liability action, regardless of the source of those proceeds.