Dan SMITH and Susan Smith, Plaintiffs-Third Party
Defendants-Respondents,

v.

James R. LONG, Defendant,

UNITED STATES FIDELITY & GUARANTY COMPANY,
Defendant-Third Party Plaintiff-Appellant.

Court of Appeals

*No. 93–0191. Submitted on briefs June 24, 1993.—Decided
August 17, 1993.*

(Also reported in 505 N.W.2d 429.)

On behalf of the defendant-third party plaintiff-appellant, the cause was submitted on the briefs of *James P. O'Neil* of Green Bay.

On behalf of the plaintiffs-third-party defendants-respondents, the cause was submitted on the brief of *Scott D. Metz* of *Krause, Metz & Snyder* of Appleton.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   United States Fidelity & Guaranty Company (Fidelity) appeals a judgment denying it the right to reimbursement from the settlement proceeds of the legal malpractice action against attorney James Long. The court ruled that Dan and Susan Smith's legal malpractice action was based in contract and, therefore, Fidelity had no right to reimbursement under sec. 102.29, Stats.

Fidelity argues that the trial court erred by: (1) finding that the Smiths' cause of action against Long

was based in contract, and (2) concluding that it was not entitled to reimbursement pursuant to sec. 102.29, Stats. While we agree that the trial court erred by concluding that the Smiths' cause of action was based in contract, we conclude that Fidelity was not entitled to reimbursement under sec. 102.29. Because the second issue resolves the dispute, we affirm.

The facts are undisputed. In August 1985, Dan Smith was involved in an accident while performing services incidental to his employment as a truck driver for Leicht Transfer & Storage Company. As a result of this accident, Smith's worker's compensation claim was paid by Fidelity, the worker's compensation carrier.

In December 1986, Smith contracted with attorney Long to negotiate a settlement or, in the alternative, to bring an action against the parties responsible for Smith's accident. Long failed to do either within the statute of limitations period. As a result, in July 1990, Dan Smith and his wife, Susan, filed a legal malpractice claim against Long. The Smiths and Long reached a settlement agreement that compensated the Smiths.

Fidelity then claimed the right to reimbursement against a portion of the settlement in the malpractice action, for payments it made to Smith under the worker's compensation claim. Fidelity asserts sec. 102.29, Stats., as the basis for its reimbursement rights.

Because this case requires the application of a statute to undisputed facts, it presents a question of law. *Kania v. Airborne Freight Corp.,* 99 Wis. 2d 746, 758, 300 N.W.2d 63, 68 (1981). We decide questions of law de novo; that is, we do not give special deference to the determination of the trial court. *In re R.J.,* 146 Wis.

2d 516, 519–20, 431 N.W.2d 708, 709 (Ct. App. 1988); *Ball v. District No. 4 Area Board of VT&AE*, 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

Our supreme court has construed sec. 102.29, Stats., to give insurers reimbursement rights against third parties only in an action "in tort for an employe's injury or death for which the employer or its insurer has or may have liability." *Kottka v. PPG Inds. Inc.*, 130 Wis. 2d 499, 514, 388 N.W.2d 160, 167 (1986). There are a number of elements that Fidelity has to show before it may avail itself of this statute.

First, the action has to be one in tort. Fidelity argues that the trial court erred by determining that this action was based in contract, not tort. We agree. Legal malpractice claims may give rise to either a tort claim or a contract claim. The tort claim arises from a breach of the attorney's common-law duty, whereas the contract claim arises from a breach of a duty created by contractual agreement between the attorney and client. *County of Milwaukee v. Schmidt, Garden & Erikson*, 43 Wis. 2d 445, 453, 168 N.W.2d 559, 563 (1969); *Klingbeil v. Saucerman*, 165 Wis. 60, 62, 160 N.W. 1051, 1051 (1917). It can be argued either that the attorney breached a common-law duty to exercise a reasonable degree of professional care or that the attorney breached the contract with Smith to negotiate a settlement or prosecute an action. However, the issue is not what the Smiths could have grounded their action in, but rather what they actually grounded it in.

Although we recognize that an action may be based in contract even though negligence must also be proven and that damages recoverable are identical to

802

the damages in a tort claim, *Berna-Mork v. Jones,* 165 Wis. 2d 661, 664, 478 N.W.2d 301, 303 (Ct. App. 1991), *aff'd,* 174 Wis. 2d 645, 498 N.W.2d 221 (1993), we conclude that this action was based in tort.

Although the Smiths' pleadings mention the contract with their attorney, their primary complaint is that their attorney "was negligent and failed to exercise reasonable care," and "as a proximate result of [that] negligence" they were deprived of the right to recover damages resulting from the car accident. These allegations of negligence and failure to exercise reasonable care suggest that this action was based in tort. This suggestion is confirmed by the Smiths themselves in the agreement in disposition of claim that states, "The parties agree to an amendment of the pleadings to plead a breach of contract cause of action against Attorney James R. Long." Therefore, the Smiths themselves conceded that the initial pleading was not grounded in contract.

■

We therefore examine whether the pleadings were ever amended; it appears that they were not. Pleadings may be amended by the consent of adverse parties or by leave of the court. Section 802.09(1), Stats. Fidelity did not consent to the amendment, and we can find no indication in the record that the trial court approved the amendment.

The Smiths argue that under sec. 802.09(2), Stats., the trial court can amend a complaint on its own motion to make the pleadings conform to the evidence. *State v. Peterson,* 104 Wis. 2d 616, 626–27, 312 N.W.2d 784, 789 (1981). This statute is inapplicable here for two reasons. First, the trial court did not make such a motion. Second, this statute applies only where there has been a trial including issues not raised in the

pleadings, and because the Smiths' cause of action against their attorney was settled before trial, this statute cannot apply.

For the foregoing reasons, we conclude that the trial court erred by finding that the Smiths' cause of action against their attorney was based in contract. However, that is not dispositive. Although Fidelity correctly asserts that this action is grounded in tort, it failed to show that all the elements required under sec. 102.29, Stats., are present. The second element invoking sec. 102.29 is an employee's injury or death. The damage suffered by the Smiths as a result of their attorney's malpractice does not fall under the ch. 102 definition of injury. Section 102.01(2)(c) defines injury, for the purposes of ch. 102, as "mental or physical harm to an employe caused by accident or disease . . . ." The injury the Smiths suffered as a result of their attorney's malpractice was the loss of a legal right, not the physical "injury" contemplated by sec. 102.29.

Fidelity argues that legislative history indicates that reimbursement liens are permissible in malpractice actions. We disagree. First, absent any ambiguity, we do not engage in an analysis based on legislative history. The plain terms govern. *In re P.A.K.*, 119 Wis. 2d 871, 878–79, 350 N.W.2d 677, 681–82 (1984). Nonetheless, we observe that prior to April 1, 1988, sec. 102.29(3), Stats., included language stating that "[t]he employer or compensation insurer shall have no interest in or right to share in the proceeds of any civil action against any physician, chiropractor or podiatrist." This language was then deleted from the statute.[1] Fidelity

---

[1] *See* 1987 Wis. Act 179 § 13.

asserts, however, that the amendment deleting this language from the statute recognized a worker's compensation carrier's sec. 102.29 right to reimbursement if the injured employee is able to recover in a third-party malpractice action.

If Fidelity is right in its assertion it is only with respect to professionals whose malpractice results in "mental or physical harm to an employe." Section 102.01(2)(c), Stats. Therefore, because this action is not for an injury, as contemplated by ch. 102, Fidelity may not avail itself of the reimbursement rights under sec. 102.29.

This result is consistent with the legislative scheme of the Worker's Compensation Act "because it permits all parties with an interest in employe tort claims related to workplace injury or death to prosecute these claims against third parties and to share in the proceeds, but does not permit employers or their insurers to invade claims which belong to the employe only." *Kottka*, 130 Wis. 2d at 514, 388 N.W.2d at 167.

*Kottka* addressed whether the claim by an employee's spouse for loss of consortium was subject to a sec. 102.29, Stats., lien. The court held it was not because the claim for loss of consortium is derivative, in the sense that it does not arise unless the other spouse has sustained an injury. *Id.* at 521, 388 N.W.2d at 170 (citing *Fitzgerald v. Meissner & Hicks, Inc.*, 38 Wis. 2d 571, 581, 157 N.W.2d 595, 600 (1968)). "[T]he claim is not for the other [employee] spouse's personal injury but for the separate and independent loss which the noninjured spouse sustains." *Id.*

Similarly, the Smiths' claim against their attorney for legal malpractice is independent to the initial tort claim and would not have arisen except for the Smiths'

hiring of an attorney. The claim is not for Dan Smith's personal "injury" as defined in the Worker's Compensation Act, but for the separate and independent loss of legal rights.

■

The third element that is needed to invoke sec. 102.29, Stats., is that an employer or its insurer has or may have liability for the injury. Because the damages here are not for an "injury," the action cannot be for an injury that the insurer has or may have liability. Also, Fidelity as a worker's compensation carrier has no liability for legal malpractice claims.

Section 102.29, Stats., reflects the legislature's intent to give a worker's compensation carrier a right to reimbursement in specific, limited types of third-party actions, namely actions in tort for the injury or death of the employee. The Smiths' legal malpractice action does not fall into this category.

Fidelity argues that denying it the right to reimbursement is against public policy and legislative intent because it allows the Smiths a double recovery. We reject this argument. Even if we assume that the Smiths will receive a double recovery,[2] although generally not favored, double recovery has survived in the area of third party actions for legal malpractice. *See* 2A LARSON, *supra,* § 71.21 at 14–14.

---

[2] It should be noted that there is no evidence that the Smiths are receiving an amount that will exceed their actual loss. As pointed out in *Berna-Mork,* " 'There can be no conceivable [public] policy objection to allowing an injured person to retain two recoveries that, when combined, still do not make him whole.' " *Id.* at 666, 478 N.W.2d at 303 (quoting 2A Arthur Larson, LARSON'S WORKMEN'S COMPENSATION LAW § 71.23(h) at 14–37 (1990)).

Furthermore, we recently rejected the double recovery argument in a similar case. In *Berna-Mork*, the worker's compensation carrier was denied the right to reimbursement under sec. 102.29, Stats., because the action between the employee and third party was based in contract. In that case, we allowed double recovery because the statute and case law bound us to that result. "Whether sec. 102.29(1) should be changed is for the legislature" to decide. *Berna-Mork,* 165 Wis. 2d at 666, 478 N.W.2d at 304. Our position remains the same.

Therefore, although the Smiths' legal malpractice action was based in tort, it was not for Dan Smith's "injury or death." Because the legal malpractice action does not fit into the language of sec. 102.29, Stats., Fidelity may not avail itself of the reimbursement rights.

*By the Court.*—Judgment affirmed.