**WESTERN SURETY COMPANY, a South Dakota corporation, individually and as assignee of Westra Construction Company, Inc., Plaintiff and Counter Defendant,**

v.

**ALLIANCE STEEL CONSTRUCTION, INC., a Wisconsin corporation, Defendant, Counter Plaintiff and Third–Party Plaintiff,**

v.

**Westra Construction, Inc., a Wisconsin corporation, Third–Party Defendant.**

No. 06–C–326–C.

United States District Court, W.D. Wisconsin.

May 24, 2007.

---

John R. O'Donnell, Harold E. McKee, Riordan, Donnelly, Lipinski & McKee, Ltd., Chicago, IL, for Plaintiff and Counter Defendant and Third-Party Defendant.

Nicholas Ostapenko, Johnson, Killen & Seiler, P.A., Duluth, MN, for Defendant, Counter Plaintiff and Third–Party Plaintiff.

## OPINION AND ORDER

CRABB, District Judge.

Defendant Alliance Steel Construction, Inc. had a contract with the Army Corps of Engineers to build a dining facility. Defendant subcontracted much of the work to third-party defendant Westra Construction, Inc., which failed to finish the project on time. As a result, defendant withheld approximately $263,000 of the balance owed on the contract, claiming expenses incurred by the delay as well as lost profits.

Third-party defendant Westra assigned its rights under the contract to plaintiff Western Surety Company, which is suing defendant for the amount that remains unpaid. The parties are of diverse citizenship and the amount in controversy is greater than $75,000, providing a basis to exercise jurisdiction under 28 U.S.C. § 1332(a). Now before the court is plaintiff's motion for partial summary judgment. Plaintiff concedes that there is a genuine factual dispute regarding the expenses defendant says it incurred because of the delay. However, because I agree with plaintiff that the contract does not permit recovery of lost profits, I will grant plaintiff's motion for partial summary judgment.

From the parties' proposed findings of fact and the record, I find the following facts to be undisputed.

## UNDISPUTED FACTS

Plaintiff Western Surety Company's state of incorporation and the location of its principal place of business is South Dakota; Wisconsin is the state of incorporation for defendant Alliance Steel Construction, Inc. and location of its principal place of business. (Neither side proposes facts about third-party defendant Westra Construction, Inc.'s citizenship, which has

not yet made an appearance in the case and may no longer be in existence. In any event, even if a third-party defendant's citizenship is the same as another party's, it does not eliminate diversity jurisdiction. *HB General Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1197 (3d Cir. 1996).)

In 2003 defendant entered into a contract with the Army Corps of Engineers that was related to a construction project for a dining facility at Fort McCoy in Monroe County, Wisconsin. Defendant subcontracted much of this work to third-party defendant Westra Construction, Inc. for $2,928,160. Defendant's agreement with third-party defendant Westra includes the following provisions:

The Subcontractor [third party defendant Westra] agrees as follows:

. . . .

5. To pay for any expense the Contractor [defendant] may suffer as a result of the Sub–Contractor's failure to carry out the provisions of this agreement.

. . . .

10. To be bound to the Contractor by the terms of the general conditions of the specifications, special provisions and addenda, and to conform to and comply with the drawings and specifications, special and addenda, to furnish such shop drawings or samples as may be required and to assume toward the Contractor all the obligations and responsibilities that the Contractor assumes in and by the aforesaid documents toward the Owner [the Army Corps of Engineers], in so far as they are applicable to this particular contract.

. . . .

15. That in case the Sub-contractor [third-party defendant Westra] shall fail to correct, replace and/or reexecute faulty or defective work done and materials furnished under this contract, when and as required by the Contractor [defendant], or shall fail to complete or diligently proceed with this contract within the time herein provided for, the Contractor upon three days' written notice to the Sub-contractor shall have the right to correct, replace and/or re-execute such faulty or defective work, or to take over this contract and complete same, and to charge the cost thereof to the Sub–Contractor, together with any liquidated damages caused by a delay in the performance of this contract.

After entering into the subcontract with defendant, third-party defendant Westra issued two bonds for $2,858,160, naming plaintiff as surety, defendant as obligee and itself as principal. Plaintiff entered into a "general agreement of indemnity" with third-party defendant Westra under which Westra assigned its rights under the contract to plaintiff.

The Corps set October 27, 2004 as the completion date for the construction project, but the Corps did not consider the project "substantially complete" until January 31, 2005. As a result, the Corps assessed $75,050 in liquidated damages against defendant. In turn, third-party defendant Westra paid defendant $73,470 in liquidated damages through a reduction of its invoices.

The Corps later issued a performance evaluation of "unsatisfactory" to defendant and third-party defendant Westra. As a result of the evaluation, defendant estimates its future lost profits to be $864,510.

In July 2005, third-party defendant Westra notified plaintiff that it was ceasing all operations. Pursuant to its rights as surety and assignee under the "general indemnity agreement," plaintiff sought payment from defendant for the remaining balance on defendant's contract with Wes-

tra, which was $262,845.04. Defendant has not paid any of that amount. Defendant alleges that it incurred $151,979.05 in expenses as a result of the delay in completing the project.

Defendant never terminated its agreement with third-party defendant Westra.

## OPINION

I begin with the issues on which the parties agree for the purpose of plaintiff's motion for partial summary judgment. They agree that third-party defendant Westra did not complete the construction project on the date it was required by contract, that Westra paid approximately $73,000 to defendant in liquidated damages as a result of the delay and that approximately $263,000 remains unpaid on defendant's contract with Westra. In addition, the parties agree that Wisconsin law applies to the dispute and that, as Westra's assignee, plaintiff stands in the shoes of Westra for the purpose of collecting any unpaid balances on defendant's contract with Westra.

■ The sole question raised by plaintiff's motion for partial summary judgment is whether defendant was entitled to deduct its future lost profits from the remaining balance of $263,000. As every law student knows from reading *Hadley v. Baxendale*, 9 Ex. 341, 156 Eng. Rep. 145 (1854), lost profits may be recovered in some instances if they were foreseeable by the breaching party and if the amount of lost profits is reasonably certain. *See also Lindevig v. Dairy Equipment Co.*, 150 Wis.2d 731, 740, 442 N.W.2d 504, 508 (Ct. App.1989) (reasonably certain); *Reiman Assocs., Inc. v. R/A Advertising, Inc.*, 102 Wis.2d 305, 320–22, 306 N.W.2d 292, 300–01 (Ct.App.1981) (foreseeable). Most of defendant's brief is devoted to attempting to demonstrate these elements. In this case, however, there is a threshold question, which is whether damages for future

lost profits are permitted under the contract.

The contract contains two provisions that address the remedies to which defendant was entitled in the event of a breach. However, only one of them is relevant to this dispute: "The Subcontractor agrees as follows: ... 5. To pay for any *expense* the Contractor may suffer as a result of the Sub–Contractor's failure to carry out the provisions of this agreement" (emphasis added). (The other provision, paragraph 15, covers liquidated damages, which defendant concedes it already received. Although defendant appears unsatisfied with the amount of liquidated damages it recovered, it does not suggest it is entitled to more.) Defendant says that paragraph 5 should be interpreted to authorize recovery for future lost profits, but it develops little argument in support of this interpretation. It simply cites the provision and concludes that it "has the right to be paid for all *damages* under Paragraph 5" (emphasis added).

The contract does not define the meaning of the term "expense," which means that the "ordinarily understood meaning" of the term governs. *Just v. Land Reclamation, Ltd.* 155 Wis.2d 737, 745, 157 Wis.2d 507, 456 N.W.2d 570, 573 (1990). No ordinary understanding of "expense" would encompass "lost profits." Lay dictionaries, legal dictionaries and case law all use the word "expense" to mean something that one must pay and "profit" as something one gains. American Heritage Dictionary 624, 1400 (4th ed.2000); Black's Law Dictionary 598, 1226–27 (7th ed.1999); *Matteson v. Matteson*, 2007 WI App 23, ¶ 17, 298 Wis.2d 791, 729 N.W.2d 749 (noting that an expense is a *deduction* from the profits). If one "loses" profit, this does not mean that he is paying anything

out; it means only that less is coming in. The two terms are mutually exclusive.

■ Defendant makes a couple of muted arguments supporting its entitlement to future lost profits despite the language of the contract. First, defendant says that its president, who signed the contract, believed that if Westra breached the contract, it "would have to make [defendant] whole." Dkt. #23, at 9. Even if I read this to mean that the president believed defendant was entitled to lost profits, it is well established that one party's after-the-fact construction of a contract cannot trump its plain meaning. *E.g., Campion v. Montgomery Elevator Co.*, 172 Wis.2d 405, 416, 493 N.W.2d 244, 249 (Ct.App.1992) ("Where terms of a contract are plain and unambiguous, the court will interpret it as it stands, even though the parties may have interpreted it differently.")

■ Second, defendant cites the general purpose of contract law, which is to make whole the non-breaching party. Although that is true as a general matter, parties are free to stipulate in advance what damages may be recovered in the event of a breach. Defendant appears to agree that its damages are limited to those provided by the contract and it does not advance an argument that the limitations in the contract are unconscionable or otherwise unenforceable. Thus, this court has no authority to rewrite the contract to make it more favorable for defendant. As the Wisconsin Court of Appeals has noted: "[W]hen parties to a contract adopt a provision which does not contravene a principle of public policy, and which contains no element of ambiguity, the court has no right, by a process of interpretation, to relieve one of them from any disadvantageous terms which he has actually made." *Dykstra v. Arthur G. McKee & Co.*, 92 Wis.2d 17, 38, 284 N.W.2d 692, 702–703 (Ct.App.1979), *aff'd*, 100 Wis.2d 120, 301 N.W.2d 201 (1981).

Plaintiff advances a second argument regarding the economic loss doctrine, but my conclusion about the damages permitted by the contract renders unnecessary any consideration of that argument. Also, plaintiff asks the court to award it approximately $111,000, which is the difference between the total remaining balance on the contract ($263,000) and the current amount of expenses defendant claims it incurred as a result of the delay ($152,000). However, plaintiff's request is premature. Neither side has presented any evidence on the amount of defendant's expenses attributable to a breach of contract by third-party defendant Westra. Although defendant's current estimate is approximately $152,000, this figure could change at trial. Plaintiff itself admits it disputes the amount claimed by defendant. Accordingly, I will refrain from issuing an order directing defendant to pay a particular amount at this time. Instead, the order will be limited to the issue whether defendant is entitled to future lost profits.

## ORDER

IT IS ORDERED that plaintiff Western Surety Company's motion for partial summary judgment is GRANTED. Defendant Alliance Steel Construction, Inc. may not deduct its future lost profits from the remaining balance on its contract with third-party defendant Westra Construction, Inc.