COURT OF APPEALS
DECISION
DATED AND FILED

March 17, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1017**

STATE OF WISCONSIN

Cir. Ct. No. 2017CV3967

IN COURT OF APPEALS
DISTRICT I

---

MARY KASAL,

PLAINTIFF-RESPONDENT,

GEORGE KASAL,

PLAINTIFF,

V.

STRYKER CORPORATION, AA INSURANCE COMPANY AND BB INSURANCE COMPANY,

DEFENDANTS,

SENTRY INSURANCE, A MUTUAL COMPANY,

DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: WILLIAM SOSNAY, Judge. *Affirmed*.

Before Brash, P.J., Dugan and Donald, JJ.

¶1      BRASH, P.J.   Sentry Insurance, a Mutual Company[1] appeals an order of the trial court in favor of the plaintiff, Mary Kasal, in which the court declined to apportion, from the settlement proceeds, the attorney's fees and costs incurred by Sentry pursuant to WIS. STAT. § 102.29 (2017-18),[2] which regulates claims of third party liability in relation to worker's compensation claims.  The trial court found that Sentry's worker's compensation policy with Kasal's employer—which did not provide for the recovery of the insurer's attorney's fees and costs—superseded the apportionment provisions of the statute.  We affirm.

## BACKGROUND

¶2      Kasal was employed by Aurora Health Care, working at St. Luke's Hospital in Milwaukee.  In May 2016, Kasal was severely injured at work when a heavy piece of equipment she was moving tipped after one of the casters broke. Kasal collected worker's compensation benefits as a result of her injury, which were paid by Sentry as the insurer for Aurora.

¶3      The equipment that caused Kasal's injury was manufactured and owned by Stryker Corporation; it was leased to Aurora at the time of the accident. Kasal retained counsel—Warshafsky, Rotter, Tarnoff & Bloch, S.C.—in August 2016 to represent her in an action against Stryker.  Warshafsky put Aurora on notice that it was representing Kasal, and sought Aurora's assistance in, among other

---

[1] Throughout the proceedings, as well as in its Notice of Appeal, Sentry has asserted that it is improperly identified in this case as Sentry Insurance, A Mutual Company, and that its correct name is Sentry Casualty Company.

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

things, locating the broken caster from the piece of equipment that had injured Kasal. Sentry was also put on notice of Warshafsky's representation of Kasal. Both Aurora and Sentry agreed to assist Kasal.

¶4     However, neither Aurora nor Sentry were cooperative with Kasal in investigating her claim. Indeed, the information being sought by Kasal for her case against Stryker—primarily, the location of the broken caster—was never received during this investigative period. Therefore, when Kasal filed the action underlying this appeal in May 2017 with claims of negligence and strict products liability against Stryker, her complaint also included Sentry and Aurora as defendants for their "fail[ure] to cooperate in the prosecution of … Kasal's claims." Kasal amended her complaint in January 2018 to include a spoliation claim against Sentry relating to the missing caster. She also added a punitive damages claim against Stryker. Additionally, Aurora was dismissed from the case.

¶5     Sentry retained the Ron Harmeyer Law Office to represent it in both its claim for the worker's compensation benefits that had been paid to Kasal, as well as to defend it against the spoliation claim. Kasal asserted that this was a conflict, and moved the trial court to disqualify Harmeyer. However, it was later learned through discovery—in a deposition taken in April 2018—that the caster had been disposed of by a Stryker employee a few days after the accident, before Kasal had notified Aurora and Sentry of her potential claim. Kasal subsequently agreed to dismiss her claims against Sentry in June 2018, although Sentry remained a party to the action in its capacity as Aurora's insurer seeking reimbursement for the worker's compensation benefits that it had paid.

¶6     In the meantime, Kasal had obtained other evidence of Stryker's liability through discovery, and believed the case was ripe for mediation. She

submitted a demand to Stryker in April 2018. Sentry, which had filed its own claim against Stryker pursuant to WIS. STAT. § 102.29, and had also subsequently added a claim for punitive damages, opposed mediation at that point. Instead, Sentry—through Harmeyer—continued to conduct discovery and retain experts for this matter, without consulting with Warshafsky about the need to further develop the case. Kasal asserted that this additional discovery—and the costs incurred as a result—yielded no new information about the case. In fact, when the case was eventually scheduled for mediation in January 2019, Kasal submitted the same demand to Stryker as she had in April 2018.

¶7   A settlement of $270,000 was reached by Kasal and Stryker in January 2019, and Kasal filed a motion with the trial court to approve the settlement. Sentry opposed her motion, arguing that the settlement did not take into account the punitive damages claims. The trial court approved the $270,000 settlement, noting that based on the evidence that was in the record at that time, it did not believe that punitive damages were warranted in this case.

¶8   Kasal also included in her motion to approve the settlement a proposed distribution of the proceeds. Kasal asserted that distribution of the proceeds pursuant to WIS. STAT. § 102.29 should include payment to Warshafsky for its fees and costs, and reimbursement to Sentry for the worker's compensation benefits that it had paid to Kasal. Harmeyer, on the other hand, contended that its fees and costs incurred on behalf of Sentry should also be included in the proposed distribution, as they were to come from the cost of collection formula set forth in § 102.29.

¶9   Kasal opposed apportioning attorney's fees and costs to Sentry for Harmeyer. She argued that while Sentry's worker's compensation insurance policy

provided for the reimbursement of its payments made to an employee who recovers from a third party, it was silent as to the recovery of its attorney's fees and costs incurred during that process; nor did the policy reference recovery pursuant to WIS. STAT. § 102.29. Thus, Kasal asserted that the award of attorney's fees and costs to Sentry is precluded under its own policy. Alternatively, Kasal argued that Harmeyer did not assist Kasal in "pressing the claim" as required under § 102.29(1)(c), and that its fees and costs were not reasonable.

¶10 Sentry, in contrast, contended that the provisions of WIS. STAT. § 102.29 supersede its policy with respect to third party liability claims. Sentry also argued against Kasal's contention that it had not pressed the claim as required under § 102.29.

¶11 The trial court agreed with Kasal's interpretation of Sentry's policy— that it does not provide for Sentry's right to recover attorney's fees and costs. Furthermore, the court found that Sentry—via Harmeyer—had not pressed the claim, and that its fees and costs were not reasonable. Therefore, the court ordered the distribution of the settlement in accordance with the apportionment set forth by Kasal, with no attorney's fees and costs to be apportioned to Sentry for Harmeyer.

¶12 This appeal follows.

## DISCUSSION

¶13 The central question in this case is the interpretation of the relevant provision of Sentry's worker's compensation policy with Aurora in conjunction with WIS. STAT. § 102.29. "Interpretation of an insurance contract is a question of law which this court reviews *de novo*." *The City of Elkhorn v. 211 Centralia St. Corp.*, 2004 WI App 139, ¶19, 275 Wis. 2d 584, 685 N.W.2d 874. Likewise,

statutory interpretation also "presents a question of law that we review *de novo*." *DOR v. River City Refuse Removal, Inc.*, 2007 WI 27, ¶26, 299 Wis. 2d 561, 729 N.W.2d 396.

¶14    Under WIS. STAT. § 102.29, an injured employee who makes a claim for worker's compensation benefits maintains the right "to make claim or maintain an action in tort" against a third party who is liable for the employee's injuries. Sec. 102.29(1)(a).  Furthermore, "[a]n employer or compensation insurer that has paid or is obligated to pay a lawful claim under this chapter" has the same right to file a tort action against that third party.  *Id.*  Moreover, all parties having this right are entitled to receive a portion of any judgment or settlement that results from such a claim.  Sec. 102.29(1)(b).  These proceeds are apportioned according to a formula set forth in the statute, which includes reimbursement for benefit payments made by the insurance carrier.  *Id.*

¶15    Additionally, if the employer or its insurance carrier "join in the pressing of [a third party] claim," any attorney's fees and costs that are incurred by them "shall be, unless otherwise agreed upon, divided between the attorneys" for all parties involved "as directed by the court[.]"  WIS. STAT. § 102.29(1)(c).

¶16    In this case, the trial court apportioned part of the settlement to reimburse Sentry for the worker's compensation benefits that it paid to Kasal, but declined to apportion any attorney's fees and costs to Harmeyer, as counsel for Sentry.  The court based its decision on language from Sentry's worker's compensation policy with Aurora.  Specifically, the court noted a provision in the policy that relates to reimbursement as a result of third party liability:

### G. Recovery From Others

We have your rights, and the rights of persons entitled to the benefits of this insurance, to recover our payments from anyone liable for the injury. You will do everything necessary to protect those rights for us and to help us enforce them.[3]

According to the terms of the policy, the "rights" referred to are those of Aurora as the policy-holder, as well as those of Kasal who, as an employee of Aurora, is a "person[] entitled to the benefits" under the policy, and who did indeed receive such benefits paid by Sentry.

¶17    Nevertheless, Sentry argues that Kasal has no rights under the policy, because the policy is between Sentry and Aurora. However, the policy specifically provides:

### H. Statutory Provisions

These statements apply where they are required by law.

….

3. We are directly and primarily liable to any person entitled to the benefits payable by this insurance. Those persons may enforce our duties; so may an agency

---

[3] In Kasal's initial brief to the trial court for approval of the settlement, she referred to a different "Recovery From Others" clause that was located in an endorsement to the policy relating to voluntary compensation coverage. Harmeyer pointed out this error at the hearing on February 28, 2019, and directed the trial court instead to Section G, noting that it was "relevant to this case[.]" Kasal then correctly referenced Section G in a subsequent brief filed in March 2019, prior to the hearing regarding the apportionment of the settlement held on April 17, 2019.

We note that in its appellant brief, Sentry's argument on this issue refers to the erroneous reference in Kasal's initial brief to the trial court, without acknowledging that Harmeyer had directed the trial court and Kasal to Section G at the February 28, 2019 hearing, and without recognizing that Kasal had corrected the reference in her subsequent brief to the trial court, upon which the trial court made its ruling. We further note that Sentry's appellant brief includes a representation that there is no applicable "Recovery From Others" provision in the policy, when it was previously represented by Harmeyer at the February 28 hearing that Section G was indeed relevant to this case. We caution counsel to ensure the accuracy of arguments presented on appeal.

authorized by law. Enforcement may be against us or against you and us.

¶18 Although the policy plainly allows for Kasal—as a person entitled to the benefits of this policy—to enforce Sentry's duties thereunder, Sentry asserts that this policy provision is not applicable here, based on the statement that this provision applies only where "required by law"; Sentry contends that this provision is not required by Wisconsin law. Yet, WIS. STAT. § 632.24 provides that a third party—here, Kasal—has the right to pursue a claim against an insurer directly. Moreover, where a third party has made such a claim against an insurer, as Kasal did here, and "whose actual recovery on a judgment may be affected" by an issue relating to coverage, that third party's participation is required. *See Fire Ins. Exch. v. Basten*, 202 Wis. 2d 74, 92-93, 549 N.W.2d 690 (1996). Wisconsin law clearly establishes the rights of third parties under these circumstances. Therefore, a reasonable interpretation of Section H.3. is that it is applicable here. Sentry's arguments are unavailing.

¶19 We thus return to the interpretation of the policy. The language of Section G, as argued by Kasal, allows for Sentry to *only* recover payments that it made under the policy from a third party who is found liable for an employee's injuries. It is, in fact, silent on Sentry's right to recover attorney's fees and costs that are incurred during related proceedings.

¶20 In contrast, Sentry argues that Section G has no impact on the rights conferred in WIS. STAT. § 102.29, asserting that the provision "simply establishes that Sentry has a contractual right of subrogation." This interpretation, however, does not comport with the fact that Sentry's policy with Aurora is for worker's compensation coverage, and an insurer's recovery rights under § 102.29 are "an independent cause of action, not a type of subrogation." *Campion v. Montgomery*

*Elevator Co.*, 172 Wis. 2d 405, 414, 493 N.W.2d 244 (Ct. App. 1992). In fact, our supreme court has recognized that while these rights are "often referred to as rights of subrogation, they are not." *Threshermens Mut. Ins. Co. v. Page*, 217 Wis. 2d 451, 461, 577 N.W.2d 335 (1998).

¶21     A court's interpretation of an insurance policy "seeks to determine and give effect to the intent of the contracting parties" and must be construed "as they would be understood by a reasonable person in the position of the insured." *American Family Mut. Ins. Co. v. American Girl, Inc.*, 2004 WI 2, ¶23, 268 Wis. 2d 16, 673 N.W.2d 65. As such, Section G of Sentry's policy providing worker's compensation coverage cannot reasonably be construed as referencing Sentry's subrogation rights in worker's compensation cases, since those rights do not exist for such claims. *See Campion*, 172 Wis. 2d at 414. Therefore, we conclude that Section G refers to Sentry's rights of recovery for worker's compensation benefits it has paid, as regulated by WIS. STAT. § 102.29.

¶22     Thus, we turn to the statutory language of WIS. STAT. § 102.29(1)(c), to be read in conjunction with Section G. The statute allows for the apportionment of attorney's fees and costs for all parties involved in the claim "*unless otherwise agreed upon*[.]" *See id.* (emphasis added). Kasal argues that Sentry's insurance policy is just such an agreement as contemplated in the statute, and therefore apportionment of attorney's fees and costs to Sentry is not required. The trial court agreed with this interpretation.

¶23     "Insurance policies are contracts," that is, agreements between the contracting parties. *Wisconsin Label Corp. v. Northbrook Prop. & Cas. Ins. Co.*, 2000 WI 26, ¶23, 233 Wis. 2d 314, 607 N.W.2d 276. When statutory language "manifests a clear meaning, our inquiry ceases and we will apply that meaning."

***River City Refuse Removal, Inc.***, 299 Wis. 2d 561, ¶26. In our review of the statute and Sentry's policy read in conjunction therewith, we reach the same conclusion as the trial court: that Sentry's worker's compensation policy with Aurora—specifically, Section G of that policy—is an agreement that supersedes the requirement of WIS. STAT. § 102.29(1)(c) regarding the apportionment of attorney's fees and costs incurred by Sentry from the settlement.

¶24 Furthermore, we interpret Section G as precluding the apportionment of attorney's fees and costs in this matter to Sentry under WIS. STAT. § 102.29(1)(c). "When the language of a contract is unambiguous, we apply its literal meaning." ***Wisconsin Label Corp.***, 233 Wis. 2d 314, ¶23. However, "[a]ny ambiguity that does exist will be interpreted against the drafter, especially when the contract is a standard form supplied by the drafting party." ***Id.***, ¶24. In this case, according to the plain language of Section G, only the recovery of "payments" Sentry made pursuant to the policy are mandated; the policy does not make any such requirement for recovery of attorney's fees and costs incurred. However, even if this silence could be construed as an ambiguity, we note that in a different section of Sentry's policy—an endorsement relating to voluntary compensation coverage—there is a similar provision regarding Recovery From Others. That provision clearly states that Sentry's recovery must include both the payments for benefits that it made as well as its "expenses of recovery[.]" Therefore, it is reasonable to conclude that if Sentry had intended to mandate the recovery of attorney's fees and costs in worker's compensation cases, it would have included similar language in Section G as well.

¶25 As a result, we conclude that the trial court did not err in finding that Sentry was not entitled to the recovery of attorney's fees and costs from Kasal's settlement with Stryker pursuant to WIS. STAT. § 102.29(1)(c) because Sentry's policy did not provide for such recovery. We therefore do not reach the issue of

whether Sentry joined Kasal in pressing the claim.[4]  *See Maryland Arms Ltd. P'ship v. Connell*, 2010 WI 64, ¶48, 326 Wis. 2d 300, 786 N.W.2d 15 ("Typically, an appellate court should decide cases on the narrowest possible grounds" and "[i]ssues that are not dispositive need not be addressed.").  Accordingly, we affirm the order of the trial court.

> *By the Court.*—Order affirmed.

> Not recommended for publication in the official reports.

---

[4]  We also decline Sentry's invitation to adopt a pro rata rule of distribution for attorney's fees when both the employee and the worker's compensation insurer retain attorneys on a contingency fee basis.  We note that this court recently rejected the same request in a published decision, *Sinkler v. American Family Mutual Insurance Co.*, 2019 WI App 64, ¶47, 389 Wis. 2d 273, 936 N.W.2d 186, and we are bound by that decision, *see Cook v. Cook*, 208 Wis. 2d 166, 190, 560 N.W.2d 246 (1997).